Karen Vogel Weil (State Bar No. 145,066)
karen.weil@knobbe.com
Jonathan A. Hyman (State Bar No. 212,264)
jonathan.hyman@knobbe.com
Nathan M. Shaw (State Bar No. 285,977)
nathan.shaw@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: 310-551-3450
Facsimile: 310-601-1263

Attorneys for Plaintiff
JELLY BELLY CANDY COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JELLY BELLY CANDY COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>DK COSMETICS, JONG KYUN LEE, and DOES 1 through 100, inclusive,<br><br>    Defendants. | Civil Action No.  3:17-cv-03102<br><br>**COMPLAINT FOR:**<br>**(1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>**(2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**<br>**(3) FEDERAL DILUTION (15 U.S.C. § 1125(c));**<br>**(4) COMMON LAW UNFAIR COMPETITION;**<br>**(5) STATE TRADEMARK DILUTION (CAL. BUS. & PROF. CODE §§ 14247 and 14250); AND**<br>**(6) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jelly Belly Candy Company ("Jelly Belly") brings this complaint against DK Cosmetics, Jong Kyun Lee, and DOES 1 through 100, inclusive (collectively "Defendants"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for: (1) federal trademark infringement under 15 U.S.C. § 1114; (2) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (3) federal dilution under 15 U.S.C. § 1125(c); (4) common law unfair competition; (5) state trademark dilution under California Business and Professions Code §§ 14247 and 14250; and (6) unfair competition under California Business and Professions Code §§ 17200, *et seq.*

## II. PARTIES

2. Jelly Belly is a California corporation with its principal place of business at One Jelly Belly Lane, Fairfield, CA, 94533. Jelly Belly is a widely recognized producer, distributer, and/or seller of gourmet jelly beans and other candy, as well as various other products bearing Jelly Belly's trademarks. Such other products include, but are not limited to, lip balm, lip gloss, nail polish, nail stickers, cologne, body mist, cosmetics bags, and bath products.

3. On information and belief, Defendant DK Cosmetics is a corporation with its principal place of business at 11 W. 14th Street, New York, NY 10011. Defendant DK Cosmetics engages in the retail and wholesale sale of cosmetic goods. Defendant DK Cosmetics does business within the United States and the State of California, including in this Judicial District, and purposefully targets and markets the infringing product to United States and California consumers, including consumers in this Judicial District.

4. On information and belief, Jong Kyun Lee (hereinafter "Lee") is an individual who is a citizen of the Republic of Korea. Moreover, on information and belief, Defendant Lee is the president of Defendant DK Cosmetics, and the owner of U.S. Trademark Registration Number 3,964,772 to the mark "SOOAE." On information and belief, Lee

1  authorized and directed the actions of Defendant DK Cosmetics which give rise to this complaint. On information and belief, Lee resides in the United States.

5. Plaintiff does not know the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

### III. JURISDICTION

6. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. §§ 1116 and 1121. The Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 at least because: (a) it is where a substantial part of the events giving rise to the claims asserted herein occurred; and (b) Defendants were and are subject to personal jurisdiction in this district at the time the action was commenced.

8. This Court has personal jurisdiction over Defendants because they have a continuous, systematic, and substantial presence within this Judicial District by selling and offering for sale infringing and dilutive products in this Judicial District, and by committing acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition in this Judicial District, including, but not limited to, using infringing and dilutive marks and designs in connection with the sale and offering for sale of products to customers in this Judicial District, and/or selling into the stream of commerce knowing such products would be sold in California and this Judicial District, and/or otherwise have purposefully directed activities toward this Judicial District related to the sale of infringing goods, which acts form a substantial part of the events or omissions giving rise to Jelly Belly's claims.

## IV. INTRADISTRICT ASSIGNMENT

9. Intradistrict assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Court's Assignment Plan as an "Intellectual Property Action."

## V. FACTUAL BACKGROUND

10. Jelly Belly advertises, markets, manufactures, and sells gourmet jelly beans and other candy, as well as various other non-candy products, throughout the United States and internationally. Examples of non-candy products Jelly Belly advertises, markets, manufactures, licenses, and/or sells include lip balm, lip gloss, nail polish, nail stickers, cologne, body mist, cosmetics bags, bath products, and clothing.

11. Since at least as early as 1976, and prior to Defendants' acts complained of herein, the mark JELLY BELLY has been used on packaging and advertising pieces for candy that have been sold in interstate and international commerce. Moreover, since at least as early as 2009, and prior to Defendants' acts complained of herein, Jelly Belly has used the mark JELLY BELLY on packaging and advertising for cosmetic and bath supplies that have been sold in interstate and international commerce. Based on this widespread use, Jelly Belly has established substantial goodwill in the JELLY BELLY mark and this mark has acquired and continues to have secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the JELLY BELLY mark with Jelly Belly. In addition, this widespread use has resulted in the JELLY BELLY mark becoming famous worldwide. Due to the foregoing, Jelly Belly has obtained common law trademark rights in the JELLY BELLY mark.

12. Jelly Belly owns U.S. Trademark Registration Number 1,132,333 for a typed drawing of the phrase JELLY BELLY covering "CANDY," in Class 30. This registration issued on April 1, 1980. Jelly Belly has complied with the requirements of 15 U.S.C. § 1065 and, as a result, this registration has become incontestable. A true and correct copy of this registration is attached hereto as Exhibit A.

13. Jelly Belly owns U.S. Trademark Registration Number 1,203,786 for a design mark with the phrase JELLY BELLY covering "Candy-Namely, Jelly Beans," in Class 30.

This registration issued on August 3, 1982.  Jelly Belly has complied with the requirements of 15 U.S.C. § 1065 and, as a result, this registration has become incontestable.  A true and correct copy of this registration is attached hereto as Exhibit B.

14.     Jelly Belly owns U.S. Trademark Registration Number 1,232,091 for a design mark with the phrase JELLY BELLY covering "Candy-Namely, Jelly Beans," in Class 30.  This registration issued on March 22, 1983.  Jelly Belly has complied with the requirements of 15 U.S.C. § 1065 and, as a result, this registration has become incontestable.  A true and correct copy of this registration is attached hereto as Exhibit C.

15.     Jelly Belly owns U.S. Trademark Registration Number 2,695,195 for the stylized mark JELLY BELLY covering, among other things, "candy," in Class 30.  This registration issued on March 11, 2003.  Jelly Belly has complied with the requirements of 15 U.S.C. § 1065 and, as a result, this registration has become incontestable.  A true and correct copy of this registration is attached hereto as Exhibit D.

16.     Jelly Belly owns U.S. Trademark Registration Number 2,836,178 for a design mark with the phrase JELLY BELLY covering "candy," in Class 30.  This registration issued on April 27, 2004.  Jelly Belly has complied with the requirements of 15 U.S.C. § 1065 and, as a result, this registration has become incontestable.  A true and correct copy of this registration is attached hereto as Exhibit E.

17.     Jelly Belly owns U.S. Trademark Registration Number 3,732,866 for a design mark with the phrase JELLY BELLY covering, among other things, "body sprays, cologne, [and] perfume," in Class 3.  This registration issued on December 29, 2009.  Jelly Belly has complied with the requirements of 15 U.S.C. § 1065 and, as a result, this registration has become incontestable.  A true and correct copy of this registration is attached hereto as Exhibit F.

18.     Jelly Belly owns U.S. Trademark Registration Number 3,732,867 for the stylized mark JELLY BELLY covering, among other things, "body sprays, cologne, perfume, [and] lip gloss," in Class 3.  This registration issued on December 29, 2009.  Jelly Belly has complied with the requirements of 15 U.S.C. § 1065 and, as a result, this registration has

1  become incontestable. A true and correct copy of this registration is attached hereto as
2  Exhibit G.

3  19. Jelly Belly owns U.S. Trademark Registration Number 3,735,357 for the mark
4  JELLY BELLY covering, among other things, "body sprays, cologne, perfume, [and] lip
5  gloss," in Class 3. This registration issued on January 5, 2010. Jelly Belly has complied with
6  the requirements of 15 U.S.C. § 1065 and, as a result, this registration has become
7  incontestable. A true and correct copy of this registration is attached hereto as Exhibit H.

8  20. Jelly Belly owns U.S. Trademark Registration Number 3,754,751 for the
9  stylized mark JELLY BELLY covering "Candy," in Class 30. This registration issued on
10 March 2, 2010. Jelly Belly has complied with the requirements of 15 U.S.C. § 1065 and, as a
11 result, this registration has become incontestable. A true and correct copy of this registration
12 is attached hereto as Exhibit I.

13 21. Jelly Belly owns U.S. Trademark Registration Number 4,143,411 for the
14 mark JELLY BELLY covering: "Anti-bacterial soap; Bath gel; Bath soaps in liquid, solid or
15 gel form; Body lotion; Bubble bath; Face and body lotions; Hair shampoo; Hand cleaning
16 gels; Hand lotions; Hand soaps; Liquid bath soaps; Liquid soaps; Nail glitter; Nail polish;
17 Non-medicated bubble bath preparations; Scented body lotions and creams; Shampoos; [and]
18 Shower and bath gel," in Class 3. This registration issued on May 15, 2012. A true and
19 correct copy of this registration is attached hereto as Exhibit J.

20 22. Jelly Belly owns U.S. Trademark Registration Number 4,143,412 for a design
21 mark with the phrase JELLY BELLY covering: "Anti-bacterial soap; Bath gel; Bath soaps in
22 liquid, solid or gel form; Body lotion; Bubble bath; Face and body lotions; Hair shampoo;
23 Hand cleaning gels; Hand lotions; Hand soaps; Liquid bath soaps; Liquid soap; Nail glitter;
24 Nail polish; Non-medicated bubble bath preparations; Scented body lotions and creams;
25 Shampoos; [and] Shower and bath gel," in Class 3. This registration issued on May 15, 2012.
26 A true and correct copy of this registration is attached hereto as Exhibit K.

27 23. Jelly Belly owns California Trademark Registration Number 66,946 for the
28 mark JELLY BELLY, which issued on August 2, 1982, and which has been renewed to July

16, 2017 as California Trademark Renewal Registration Number 19,577. A true and correct copy of the renewal certificate is attached hereto as Exhibit L.

24. Jelly Belly owns California Trademark Registration Number 66,947 for the mark JELLY BELLY, which issued on August 2, 1982, and which has been renewed to July 16, 2017 as California Trademark Renewal Registration Number 19,576. A true and correct copy of the renewal certificate is attached hereto as Exhibit M.

25. Jelly Belly owns California Trademark Registration Number 64,039 for the mark JELLY BELLY and Design, which issued on July 10, 1981, and which has been renewed to July 21, 2021 as California Trademark Renewal Registration Number 104,651. A true and correct copy of the renewal certificate is attached hereto as Exhibit N.

26. Jelly Belly owns California Trademark Registration Number 58,971 for the mark JELLY BELLY, which issued on January 9, 1979, and which has been renewed to November 12, 2018 as California Trademark Renewal Registration Number 19,975. A true and correct copy of the renewal certificate is attached hereto as Exhibit O.

27. Jelly Belly's marks for products with the JELLY BELLY component constitute a family of similar marks. Hereinafter, Jelly Belly collectively refers to the marks as "The JELLY BELLY Marks." The JELLY BELLY Marks include, but are not limited to, the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412.

28. On information and belief, Defendants sell and distribute a cosmetic good under the name "Soo Ae Nature Collagen Essence Mask" (hereinafter "the Accused Product") on the internet, in this Judicial District, and elsewhere. For example, Defendants sell and distribute the Accused Product throughout the U.S. through online retailers such as Walmart.com and Amazon.com. A true and correct copy of the webpage on which the Accused Product is offered for sale in this Judicial District on Walmart.com is attached hereto as Exhibit P. A true and correct copy of the webpage on which the Accused Product is offered for sale in this Judicial District on Amazon.com is attached hereto as Exhibit Q. A

true and correct copy of the webpage on which the Accused Product is offered for sale in this Judicial District on Target.com is attached hereto as Exhibit R.  On information and belief, the advertising and packaging for the Accused Product bears marks that are identical to, substantially indistinguishable from, colorable imitations of, and/or confusingly similar to one or more of The JELLY BELLY Marks, including at least one or more of the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412.

29. Defendants' use of the name JELLY BELLY on the Accused Product is confusingly similar to one or more of The JELLY BELLY Marks, and is likely to confuse consumers as to the relationship or origin of Jelly Belly's and Defendants' goods.  Jelly Belly will suffer substantial loss of goodwill and reputation unless and until Defendants are enjoined from the wrongful actions complained of herein.

30. On August 4, 2016, Jelly Belly sent a letter to Defendant DK Cosmetics regarding the Accused Product.  In its letter, Jelly Belly demanded that Defendant DK Cosmetics cease and desist any use of any of The JELLY BELLY Marks, the term "JELLY BELLY," or any confusingly similar terms, and specifically identified the marks that are the subject of U.S. Trademark Registration Numbers 3,732,867 and 4,143,411 as examples of marks Jelly Belly owns.  Jelly Belly also informed Defendant DK Cosmetics that Jelly Belly's "JELLY BELLY trademark is a very well-known mark that has developed substantial goodwill throughout the world as a result of [Jelly Belly's] promotion of its products and brands."

31. Defendant DK Cosmetics confirmed receipt of Jelly Belly's August 4, 2016 correspondence through a letter sent by its counsel on August 10, 2016.

32. Despite confirming receipt of Jelly Belly's August 4, 2016 correspondence, Defendants continue to use a mark that is identical to, substantially indistinguishable from, a colorable imitation of, and/or confusingly similar to one or more of The JELLY BELLY Marks in the advertising and packaging of the Accused Product.

## VI.  FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

33. Jelly Belly hereby repeats, realleges, and incorporates by reference Paragraphs 1-32 of this Complaint as though fully set forth herein.

34. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

35. Jelly Belly owns valid and enforceable federally registered trademarks for The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412.

36. Defendants have used in commerce, without permission from Jelly Belly, colorable imitations, and/or confusingly similar marks to, one or more of The JELLY BELLY Marks, including those marks that are the subject of at least Jelly Belly's U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412, in connection with the distributing, selling, offering for sale, advertising, and/or promoting of the Accused Product. Such use is likely to cause confusion or mistake, or to deceive.

37. On information and belief, the activities of Defendants complained of herein constitute willful and intentional infringements of Jelly Belly's registered marks, and Defendants did so with the intent to trade upon Jelly Belly's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Accused Product is associated with, sponsored by, originated from, or are approved by, Jelly Belly, when they are not.

38. On information and belief, Defendants had actual knowledge of Jelly Belly's ownership and prior use of one or more of The JELLY BELLY Marks, including at least the marks that are the subject of Trademark Registration Numbers 3,732,867 and 4,143,411, which were specifically identified in Jelly Belly's August 4, 2016 cease and desist letter, and have willfully violated 15 U.S.C. § 1114.  On information and belief, this is an exceptional case within the meaning of 15 U.S.C. § 1117.

39. Defendants, by their trademark infringement, have caused and, unless preliminarily and permanently restrained and enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury to Jelly Belly's business, reputation, and goodwill for which Jelly Belly is without an adequate remedy at law.

40. In addition, as a direct and proximate result of Defendants' violation of 15 U.S.C. § 1114, Jelly Belly has suffered and is continuing to suffer injury, loss and damages in an amount to be determined at trial, and is entitled to recover monetary damages, attorneys' fees, and costs, and to disgorgement of Defendants' unlawful gains and profits.

## VII.  SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition and False Designation of Origin

### Under 15 U.S.C. § 1125(a))

41. Jelly Belly hereby repeats, realleges, and incorporates by reference Paragraphs 1-40 of this Complaint as though fully set forth herein.

42. This is an action for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

43. Defendants' unlawful use of the term "JELLY BELLY," and/or unlawful use of one or more of The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412, constitute false and misleading designations of origin and false and misleading representations of facts, which: (1) are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Jelly Belly, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Jelly Belly; and/or (2) misrepresent the nature, characteristics, or qualities of Defendants' goods, services, or commercial activities.

44. On information and belief, Defendants intend to trade upon Jelly Belly's reputation and goodwill by causing confusion and mistake among customers and the public

and to deceive the public into believing that the Accused Product is associated with, sponsored by, or approved by Jelly Belly, when it is not.

45. On information and belief, Defendants had actual knowledge of Jelly Belly's ownership and prior use of one or more of The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 3,732,867 and 4,143,411, which were specifically identified in Jelly Belly's August 4, 2016 cease and desist letter, and without the consent of Jelly Belly, willfully violated 15 U.S.C. § 1125(a).

46. Defendants, by their intentional and willful violation of 15 U.S.C. § 1125(a), have caused and, unless preliminarily and permanently restrained and enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury to Jelly Belly's business, reputation, and goodwill for which Jelly Belly is without an adequate remedy at law.

47. In addition, as a direct and proximate result of Defendants' willful and intentional violation of 15 U.S.C. § 1125(a), Jelly Belly has suffered and is continuing to suffer injury, loss and damages in an amount to be determined at trial, and is entitled to recover monetary damages, attorneys' fees, and costs, and to disgorgement of Defendants' unlawful gains and profits.

## VIII.  THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution Under 15 U.S.C. § 1125(c))

48. Jelly Belly hereby repeats, realleges, and incorporates by reference Paragraphs 1-47 of this Complaint as though fully set forth herein.

49. This is an action for federal trademark dilution arising under 15 U.S.C. § 1125(c).

50. Products sold bearing The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412, have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.  By virtue of the wide renown acquired by The JELLY BELLY Marks, coupled with the national and international distribution and extensive

sale of various products distributed under The JELLY BELLY Marks, The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412, are distinctive and famous throughout the United States and internationally.  After The JELLY BELLY Marks became famous, Defendants used and are using a mark in their advertising and/or on their products that they sell that is identical, virtually identical, or similar, to one or more of The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412.

51. Defendants' unauthorized and commercial use of a mark that is identical, virtually identical, or similar, to one or more of The JELLY BELLY Marks in connection with the advertisement, offering for sale, and sale of the Accused Product has caused, and is likely to continue causing, dilution of the distinctive quality of one or more of The JELLY BELLY Marks, including the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412.

52. Defendants' acts are likely to trade upon Jelly Belly's business, reputation, or goodwill, and to deprive Jelly Belly of the ability to control the use of The JELLY BELLY Marks, including the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412, and quality of products associated herewith.

 On information and belief, Defendants acted with knowledge of the fame and reputation of The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 3,732,867 and 4,143,411, which were specifically identified in Jelly Belly's August 4, 2016 cease and desist letter, and diluted The JELLY BELLY Marks willfully and deliberately with the intention to trade on the recognition of The

JELLY BELLY Marks. On information and belief, this is an exceptional case within the meaning of 15 U.S.C. § 1117.

53. Defendants, by their violation of 15 U.S.C. § 1125(c), have caused and, unless preliminarily and permanently restrained and enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury to Jelly Belly's business, reputation, and goodwill for which Jelly Belly is without an adequate remedy at law.

54. In addition, as a direct and proximate result of Defendants' violation of 15 U.S.C. § 1125(c), Jelly Belly has suffered and is continuing to suffer injury, loss and damages in an amount to be determined at trial.

55. As Defendants acted willfully and intentionally to trade on Jelly Belly's reputation and/or cause dilution of The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 3,732,867 and 4,143,411, which were specifically identified in Jelly Belly's August 4, 2016 cease and desist letter, pursuant to 15 U.S.C. § 1125(c)(5), Jelly Belly is entitled to recover monetary damages, treble damages, disgorgement of Defendants' unlawful gains and profits, costs, and attorneys' fees, as well as the destruction of all labels, signs, packages, wrappers, receptacles, and advertisements related to the Accused Product which bear one or more of The JELLY BELLY Marks that are registered, including at least the marks that are the subject of U.S. Trademark Registration Numbers 3,732,867 and 4,143,411.

## IX.  FOURTH CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

56. Jelly Belly hereby repeats, realleges, and incorporates by reference Paragraphs 1-55 of this Complaint as though fully set forth herein.

57. Defendants' sale, use and/or imitation of The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412, constitutes infringement, copying, imitation, and misappropriation of Jelly Belly's intellectual property, unjust enrichment of Defendants, as

well as unfair competition with Jelly Belly in violation of Jelly Belly's rights under the common law of the state of California and other states of the United States.

58.	Defendants' willful conduct outlined herein has unjustly enriched Defendants in violation of Jelly Belly's rights.

59.	Defendants, by their unfair competition, have caused and, unless preliminarily and permanently restrained and enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury to Jelly Belly's business, reputation, and goodwill for which Jelly Belly is without an adequate remedy at law.

60.	In addition, as a direct and proximate result of Defendants' unfair competition, Jelly Belly has suffered and is continuing to suffer injury, loss and damages in an amount to be determined at trial.

## X. FIFTH CLAIM FOR RELIEF

**(Dilution in Violation of California Business & Professions Code §§ 14247 and 14250)**

61.	Jelly Belly hereby repeats, realleges, and incorporates by reference Paragraphs 1-60 of this Complaint as though fully set forth herein.

62.	The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412; as well as California Trademark Renewal Registration Numbers 19,576; 19,577; 19,975; and 104,651, are distinctive and famous throughout the United States, including California, and internationally.  After The JELLY BELLY Marks became famous, Defendants used, and continue to use, a mark in their advertising and/or on products they sell that is identical, virtually identical, or similar to one or more of The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412.

63.	On information and belief, Defendants acted with knowledge of the fame and reputation of The JELLY BELLY Marks, including at least the marks that are the subject of

U.S. Trademark Registration Numbers 3,732,867 and 4,143,411, which were specifically identified in Jelly Belly's August 4, 2016 cease and desist letter, with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

64. Defendants' actions have, and are likely to continue to, dilute the distinctive quality of The JELLY BELLY Marks, including at least the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412, and to lessen the ability of those marks to identify and distinguish Jelly Belly's products.

65. Defendants, by their violation of California Business and Professions Code §§ 14247 and 14250, have caused and, unless preliminarily and permanently restrained and enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury to Jelly Belly's business, reputation, and goodwill for which Jelly Belly is without an adequate remedy at law.

66. In addition, as a direct and proximate result of Defendants' violation of California Business and Professions Code §§ 14247 and 14250, Jelly Belly has suffered and is continuing to suffer injury, loss and damages in an amount to be determined at trial.

## XI.  SIXTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of

### California Business & Professions Code §§ 17200, *et seq.*)

67. Jelly Belly hereby repeats, realleges, and incorporates by reference Paragraphs 1-66 of this Complaint as though fully set forth herein.

68. Defendants' misconduct in trading upon Jelly Belly's goodwill and reputation constitutes unlawful, unfair, and fraudulent business acts or practices and unfair, deceptive, untrue, and/or misleading advertising, in violation of California Business and Professions Code §§ 17200, *et seq.*

69. As a direct and proximate result of Defendants' unfair, unlawful, and illegal business practices, Jelly Belly has suffered irreparable harm to its reputation and goodwill. As such, Jelly Belly is entitled to injunctive relief as set forth herein.

## XII.  PRAYER FOR RELIEF

WHEREFORE, Jelly Belly prays for judgment in its favor and against Defendants, including but not limited to, the following relief:

1. That the Court render a final judgment in favor of Jelly Belly and against Defendants on all claims for relief alleged herein;

2. That the Court render a final judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1114 by infringing Jelly Belly's trademark rights in one or more of The JELLY BELLY Marks, such as one or more of the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412;

3. That the Court render a final judgment that Defendants have willfully and intentionally violated the provisions of 15 U.S.C. § 1125(a) through their unlawful copying and use of one or more of The JELLY BELLY Marks, such as one or more of the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412;

4. That the Court render a final judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1125(c) by diluting one or more of The JELLY BELLY Marks, such as one or more of the marks that are the subject of U.S. Trademark Registration Numbers 1,132,333; 1,203,786; 1,232,091; 2,695,195; 2,836,178; 3,732,866; 3,732,867; 3,735,357; 3,754,751; 4,143,411; and 4,143,412;

5. That the Court render a final judgment declaring that Defendants' acts constitute common law unfair competition;

6. That the Court render a final judgment declaring that Defendants have willfully committed trademark dilution under California Business and Professions Code §§ 14247 and 14250;

7. That the Court render a final judgment declaring that Defendants' acts constitute unfair competition under California Business and Professions Code §§ 17200, *et seq.*;

8. A preliminary and permanent injunction enjoining Defendant Lee and Defendant DK Cosmetics, as well as Defendant DK Cosmetics' members, officers, principals, shareholders, agents, servants, employees, successors, assigns, distributors, retailers, those in privity with Defendant DK Cosmetics, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from any further infringement and/or dilution of The JELLY BELLY Marks and from any further acts of unfair competition, including without limitation, injunctive relief enjoining the sale and advertising of the Accused Product;

9. For an award of damages in an amount according to proof at trial;

10. For an award of enhanced damages in an amount according to proof at trial;

11. For an accounting to Jelly Belly for any and all profits derived by Defendants from the unlawful acts complained of herein, and for disgorgement of three times those profits;

12. For the destruction of all labels, signs, packages, wrappers, receptacles, and advertisements related to the Accused Product which bear one or more of The JELLY BELLY Marks that are registered;

13. For reasonable attorneys' fees;

14. For costs in this lawsuit;

15. For interest as allowed by law; and

16. For such further relief as the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 30, 2017          By: */s/ Jonathan A. Hyman*
                                   Karen Vogel Weil
                                   Jonathan A. Hyman

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nathan M. Shaw

Attorneys for Plaintiff
JELLY BELLY CANDY COMPANY

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Jelly Belly Candy Company demands a trial by jury of all issues raised by this Complaint that are triable by jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  May 30, 2017         By: */s/ Jonathan A. Hyman*
　　　　　　　　　　　　　　　　　Karen Vogel Weil
　　　　　　　　　　　　　　　　　Jonathan A. Hyman
　　　　　　　　　　　　　　　　　Nathan M. Shaw

Attorneys for Plaintiff
JELLY BELLY CANDY COMPANY